David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

KATIE ELASMAR,

              Plaintiff,

        v.

LOXO ONCOLOGY, INC., JOSHUA H.
BILENKER, M.D., STEVE ELMS, KEITH
T. FLAHERTY, M.D., AVI Z. NAIDER,
LORI A. KUNKEL, M.D., ALAN
FUHRMAN, TIM MAYLEBEN, and
STEVE D. HARR, M.D.

              Defendants.

Civil Action No. 3:19-cv-498

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

1. **Violations of § 14(e) of the Exchange Act**
2. **Violations of § 20(a) of the Exchange Act**

Katie Elasmar ("Plaintiff"), by his undersigned attorneys, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.    This action is brought by Plaintiff, a public holder of the common stock of Loxo Oncology, Inc. ("Loxo" or the "Company") against Loxo and the members of the Company's board of directors (collectively, the "Board" or "Individual Defendants," and, together with Loxo, the "Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e) and 78t(a), and to enjoin the expiration of a

tender offer (the "Tender Offer") by Bowfin Acquisition Corporation ("Purchaser"), a wholly-owned subsidiary of Eli Lilly and Company ("Lilly"), to acquire all of the issued and outstanding shares of Loxo (the "Proposed Transaction").

2.      On January 5, 2019, Loxo, Purchaser and Lilly entered into an Agreement and Plan of Merger (the "Merger Agreement"), whereby each stockholder of Loxo common stock will receive $235.00 per share in cash (the "Offer Price").

3.      On January 17, 2019, in order to convince Loxo stockholders to tender their shares, the Board authorized the filing of a materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC.   In particular, the Recommendation Statement contains materially incomplete and misleading information concerning: (i) the valuation analyses performed by the Company's financial advisor, Goldman Sachs & Co. LLC. ("Goldman Sachs"), in support of its fairness opinion; and (ii) the timing and substance of discussions regarding the amended and restated offer letter between Loxo and defendant Bilenker (the "Bilenker Offer Letter") and whether Dr. Bilenker had employment discussions with Eli Lilly.

4.      The Tender Offer is scheduled to expire at midnight (*i.e.*, one minute after 11:59 p.m.), Eastern time, on February 14, 2019 (the "Expiration Date").  It is imperative that the material information that has been omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the Expiration Date so they can properly determine whether to tender their shares.

5.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from closing the Tender Offer or taking any steps to consummate the Proposed Transaction, unless and until the material information discussed below is disclosed to Loxo stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(e) and 20(a) of the Exchange Act.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over each Defendant by this Court permissible under the traditional notions of fair play and substantial justice. "Where a federal statute such as Section 27 of the [Exchange] Act confers nationwide service of process, the question becomes whether the party has sufficient contacts with the United States, not any particular state." *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir. 1985). "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Id.* at 1316.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Defendants are found or are inhabitants or transact business in this District. Indeed, Loxo maintains one of its two main executive offices in this District.

## PARTIES

9.      Plaintiff is, and at all relevant times has been, a stockholder of Loxo.

10.      Defendant Loxo is a Delaware corporation with executive offices located at 701 Gateway Blvd., Suite 420, South San Francisco, CA 94080. The Company is a biopharmaceutical company focused on developing highly selective medicines for patients with genomically defined cancers. Loxo common stock is traded on the NASDAQ under the ticker symbol "LOXO."

11.      Defendant Joshua H. Bilenker, M.D. is and has been at all relevant times, a director of Loxo and currently serves as the Company's Chief Executive Officer.

12.      Defendant Keith T. Flaherty, M.D. is and has been at all relevant times, a director

of Loxo.

13.     Defendant Lori A. Kunkel, M.D. is and has been at all relevant times, a director of Loxo.

14.     Defendant Tim Mayleben is and has been at all relevant times, a director of Loxo.

15.     Defendant Steve Elms is and has been at all relevant times, a director of Loxo and currently serves as Chairman of the Board.

16.     Defendant Avi Z. Naider is and has been at all relevant times, a director of Loxo.

17.     Defendant Alan Fuhrman is and has been at all relevant times, a director of Loxo.

18.     Defendant Steve D. Harr, M.D. is and has been at all relevant times, a director of Loxo.

19.     The defendants identified in paragraphs 11 through 18 are collectively referred to herein as the "Individual Defendants" and/or the "Board," collectively with Loxo the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**I.     Company Background and the Proposed Transaction**

20.     Loxo is a biopharmaceutical company focused on developing highly selective medicines for patients with genomically defined cancers. The Company's pipeline focuses on cancers that are uniquely dependent on single gene abnormalities, such that a single drug could have the potential to treat the cancer with dramatic effect.

21.     On January 7, 2019, Loxo and Lillyu issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

**LILLY ANNOUNCES AGREEMENT TO ACQUIRE LOXO ONCOLOGY**

- *Acquisition will broaden the scope of Lilly's oncology portfolio into precision medicines through the addition of a marketed therapy and a pipeline of highly selective potential medicines for patients with genomically defined cancers.*

- *Loxo Oncology's pipeline includes LOXO-292, an oral RET inhibitor being studied across multiple tumor types, which recently was granted Breakthrough Therapy designation by the FDA and could launch in 2020.*

4

COMPLAINT

- *Loxo Oncology's Vitrakvi® (larotrectinib) is an oral TRK inhibitor developed and commercialized in collaboration with Bayer that was recently approved by the FDA.*

- *Lilly will commence a tender offer to acquire all outstanding shares of Loxo Oncology for a purchase price of $235.00 per share in cash, or approximately $8.0 billion.*

- *Lilly will conduct a conference call with the investment community and media today at 8:45 a.m. EST.*

**INDIANAPOLIS, IN** and **STAMFORD, CT** – Eli Lilly and Company (NYSE: LLY) and Loxo Oncology, Inc. (NASDAQ: LOXO) today announced a definitive agreement for Lilly to acquire Loxo Oncology for $235.00 per share in cash, or approximately $8.0 billion. Loxo Oncology is a biopharmaceutical company focused on the development and commercialization of highly selective medicines for patients with genomically defined cancers.

The acquisition would be the largest and latest in a series of transactions Lilly has conducted to broaden its cancer treatment efforts with externally sourced opportunities for first-in-class and best-in-class therapies. Loxo Oncology is developing a pipeline of targeted medicines focused on cancers that are uniquely dependent on single gene abnormalities that can be detected by genomic testing. For patients with cancers that harbor these genomic alterations, a targeted medicine could have the potential to treat the cancer with dramatic effect.

Loxo Oncology has a promising portfolio of approved and investigational medicines, including:

- LOXO-292, a first-in-class oral RET inhibitor that has been granted Breakthrough Therapy designation by the FDA for three indications, with an initial potential launch in 2020. LOXO-292 targets cancers with alterations to the rearranged during transfection (RET) kinase. RET fusions and mutations occur across multiple tumor types, including certain lung and thyroid cancers as well as a subset of other cancers.

- LOXO-305, an oral BTK inhibitor currently in Phase 1/2. LOXO-305 targets cancers with alterations to the Bruton's tyrosine kinase (BTK), and is designed to address acquired resistance to currently available BTK inhibitors. BTK is a validated molecular target found across numerous B-cell leukemias and lymphomas.

- Vitrakvi, a first-in-class oral TRK inhibitor developed and commercialized in collaboration with Bayer that was recently approved by the U.S. Food and Drug Administration (FDA). Vitrakvi is the first treatment that targets a specific genetic abnormality to receive a tumor-agnostic indication at the time of initial FDA approval.

COMPLAINT

- LOXO-195, a follow-on TRK inhibitor also being studied by Loxo Oncology and Bayer for acquired resistance to TRK inhibition, with a potential launch in 2022.

"Using tailored medicines to target key tumor dependencies offers an increasingly robust approach to cancer treatment," said Daniel Skovronsky, M.D., Ph.D., Lilly's chief scientific officer and president of Lilly Research Laboratories. "Loxo Oncology's portfolio of RET, BTK and TRK inhibitors targeted specifically to patients with mutations or fusions in these genes, in combination with advanced diagnostics that allow us to know exactly which patients may benefit, creates new opportunities to improve the lives of people with advanced cancer."

"We are gratified that Lilly has recognized our contributions to the field of precision medicine and are excited to see our pipeline benefit from the resources and global reach of the Lilly organization," said Josh Bilenker, M.D., chief executive officer of Loxo Oncology. "Tumor genomic profiling is becoming standard-of-care, and it will be critical to continue innovating against new targets, while anticipating mechanisms of resistance to available therapies, so that patients with advanced cancer have the chance to live longer and better lives."

"Lilly Oncology is committed to developing innovative, breakthrough medicines that will make a meaningful difference for people with cancer and help them live longer, healthier lives," said Anne White, president of Lilly Oncology. "The acquisition of Loxo Oncology represents an exciting and immediate opportunity to expand the breadth of our portfolio into precision medicines and target cancers that are caused by specific gene abnormalities. The ability to target tumor dependencies in these populations is a key part of our Lilly Oncology strategy. We look forward to continuing to advance the pioneering scientific innovation begun by Loxo Oncology."

"We are excited to have reached this agreement with a team that shares our commitment to ensuring that emerging translational science reaches patients in need," said Jacob Van Naarden, chief operating officer of Loxo Oncology. "We are confident that the work we have started, which includes an FDA approved drug, and a pipeline spanning from Phase 2 to discovery, will continue to thrive in Lilly's hands."

Under the terms of the agreement, Lilly will commence a tender offer to acquire all outstanding shares of Loxo Oncology for a purchase price of $235.00 per share in cash, or approximately $8.0 billion. The transaction is not subject to any financing condition and is expected to close by the end of the first quarter of 2019, subject to customary closing conditions, including receipt of required regulatory approvals and the tender of a majority of the outstanding shares of Loxo Oncology's common stock. Following the successful closing of the tender offer, Lilly will acquire any shares of Loxo Oncology that are not tendered into the tender offer through a second-step merger at the tender offer price.

The tender offer represents a premium of approximately 68 percent to Loxo Oncology's closing stock price on January 4, 2019, the last trading day before the announcement of the transaction. Loxo Oncology's board recommends that Loxo Oncology's shareholders tender their shares in the tender offer. Additionally, a Loxo Oncology shareholder, beneficially owning approximately 6.6 percent of Loxo Oncology's outstanding common stock, has agreed to tender its shares in the tender offer.

COMPLAINT

This transaction will be reflected in Lilly's financial results and financial guidance according to Generally Accepted Accounting Principles (GAAP). Lilly will provide an update to its 2019 financial guidance, including the expected impact from the acquisition of Loxo Oncology, as part of its fourth-quarter and full-year 2018 financial results announcement on February 13, 2019.

For Lilly, Deutsche Bank is acting as the exclusive financial advisor and Weil, Gotshal & Manges LLP is acting as legal advisor in this transaction. For Loxo Oncology, Goldman Sachs & Co. LLC is acting as exclusive financial advisor and Fenwick & West LLP is acting as legal advisor.[1]

## II.    The Recommendation Statement Is Materially Incomplete and Misleading

22.    On January 17, 2019, the Defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Loxo's stockholders.   The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in connection with the Tender Offer.

23.    First, the Recommendation Statement describes Goldman Sachs' fairness opinion and the various valuation analyses performed in support of their opinion.  However, the description of Goldman Sachs' fairness opinion and their analyses fails to include key information.  Without this information, as described below, Loxo's stockholders are unable to fully understand these analyses and are unable to determine what weight, if any, to place on Goldman Sachs' fairness opinion in determining whether to tender their shares in the Proposed Transaction.  This omitted information, if disclosed, would significantly alter the total mix of information available to Loxo's common stockholders.

24.    With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis*, the Recommendation Statement contains projections from 2019 through 2033, but the *Illustrative Discounted Cash Flow Analysis* is limited to projections through to 2028.  *See* Recommendation Statement at 32-33. Goldman Sachs' prepared a DCF analysis that calculated present value of unlevered free cash flows from 2019 through 2028. However, Goldman Sachs and the Company prepared projections, including unlevered free cash flows through 2033. The failure by Goldman

---

[1]    Loxo, Current Report (Form 8-K), at Exhibit 99.1 (Joint Press Release, issued January 7, 2019, by Loxo and Lilly.) (January 7, 2019).

COMPLAINT

Sachs' to calculate a complete DCF through 2033 misleads stockholders of the true value for their shares. Especially when the most significant profits will be generated by the Company on its latter years, 2028 through 2033. The Recommendation Statement should disclose the complete DCF through 2033, or the reasons why the DCF was not performed beyond 2028.

25.    This missing information is material to Loxo's common stockholders and its omission renders the summary of Goldman Sachs' *Illustrative Discounted Cash Flow Analysis* incomplete and misleading. As a highly-respected professor explained in one of the most thorough law review articles regarding the fundamental flaws with the valuation analyses bankers perform in support of fairness opinions, in a discounted cash flow ("DCF") analysis a banker takes management's forecasts, and then makes several key choices "each of which can significantly affect the final valuation." Steven M. Davidoff, *Fairness Opinions*, 55 Am. U.L. Rev. 1557, 1576 (2006). As Professor Davidoff explains:

> *For example, a change in the discount rate by one percent on a stream of cash flows in the billions of dollars can change the discounted cash flow value by tens if not hundreds of millions of dollars….* This issue arises not only with a discounted cash flow analysis, but with each of the other valuation techniques. *This dazzling variability makes it difficult to rely, compare, or analyze the valuations underlying a fairness opinion* **unless full disclosure is made of the various inputs in the valuation process, the weight assigned for each, and the rationale underlying these choices**. The substantial discretion and lack of guidelines and standards also makes the process vulnerable to manipulation to arrive at the "right" answer for fairness. This raises a further dilemma in light of the conflicted nature of the investment banks who often provide these opinions.

*Id.* at 1577-78 (emphasis added). Without the above-mentioned information, Loxo stockholders cannot evaluate for themselves the reliability of Goldman Sachs' DCF analysis, make a meaningful determination of whether the Offer Price reflects the true value of the Company or was the result of Goldman Sachs' unreasonable judgment, and make an informed decision regarding whether to tender their shares in the Tender Offer.

26.    The Recommendation Statement is also materially misleading because it fails to state whether Goldman Sachs conducted a *Comparable Companies Analysis* or a *Precedent Transaction Analysis,* which are customary analysis in M&A transactions. If such analyses were

conducted, the Recommendation Statement must state whether they were provided to the Board and if so, the Recommendation Statement must disclose these analyses and an explanation as to why they were not initially provided to shareholders.

27. Lastly, the Recommendation Statement fails to provide key details regarding the timing and substance of negotiations regarding the Bilenker Offer Letter and whether Dr. Bilenker had employment discussions with Eli Lilly. This information is material to Plaintiff and Loxo's other public stockholders because it relates directly to defendant Bilenker's interest in the outcome of the Proposed Transaction and whether such interest compromised defendant Bilenker's ability to objectively consider the fairness of the Proposed Transaction to Plaintiff and Loxo's other public stockholders.

28. In sum, the omission of the above-referenced information renders the Recommendation Statement materially incomplete and misleading, in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the Expiration Date, Plaintiff will be unable to make an informed decision regarding whether to tender his shares in the Proposed Transaction, and he is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## COUNT I

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

29. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

30. Defendants caused the Recommendation Statement to be issued with the intention of soliciting stockholder support of the Proposed Transaction.

31. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

COMPLAINT

32. Defendants violated this clause of Section 14(e) because they negligently caused or allowed the Recommendation Statement to be disseminated to Loxo stockholders in order to solicit them to tender their shares in the Tender Offer, and the Recommendation Statement contained untrue statements of material fact and/or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

33. Defendants negligently omitted the material information identified above from the Recommendation Statement or negligently failed to notice that such material information had been omitted from the Recommendation Statement, which caused certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading. As directors and officers of Loxo, the Individual Defendants had a duty to carefully review the Recommendation Statement before it was disseminated to the Company's stockholders to ensure that it did not contain untrue statements of material fact and did not omit material facts. The Individual Defendants were negligent in carrying out their duty.

34. Loxo is imputed with the negligence of the Individual Defendants, who are each directors and/or senior officers of Loxo.

35. As a direct result of Defendants' negligent preparation, review, and dissemination of the false and/or misleading Recommendation Statement, Plaintiff is impeded from exercising his right to seek appraisal on a fully informed basis and is induced to tender his shares and accept the inadequate Offer Price in connection with the Proposed Transaction. The false and/or misleading Recommendation Statement used to solicit the tendering of shares impedes Plaintiff from making a fully informed decision regarding the Tender Offer and is an essential link in consummating the Proposed Transaction, which will deprive him of full and fair value for his Loxo shares. At all times relevant to the dissemination of the materially false and/or misleading Recommendation Statement, Defendants were aware of and/or had access to the true facts concerning the process involved in selling Loxo, and Loxo's true value, which is greater than the

Offer Price Loxo stockholders will receive.   Thus, as a direct and proximate result of the dissemination of the false and/or misleading Recommendation Statement Defendants used to obtain stockholder approval of and thereby consummate the Proposed Transaction, Plaintiff will suffer damage and actual economic losses (*i.e.*, the difference between the price Loxo stockholders receive and the true value of their shares) in an amount to be determined at trial.

36.      The misrepresentations and omissions in the Recommendation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares in the Tender Offer.  In addition, a reasonable investor would view a full and accurate disclosure as having significantly altered the "total mix" of information made available in the Recommendation Statement and in other information reasonably available to stockholders.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

37.      Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38.      The Individual Defendants acted as controlling persons of Loxo within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Loxo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false and misleading statements contained in the Recommendation Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

39.      Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

40.      In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Transaction. They were thus directly involved in the making of the Recommendation Statement.

41. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

42. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff will suffer damage and actual economic losses (*i.e.*, the difference between the price stockholders stand to receive and the true value of their shares) in an amount to be determined at trial.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and/or permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

/ / /

/ / /

COMPLAINT

D.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.  Granting such other and further equitable relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  January 28, 2019

**OF COUNSEL**

**MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, New York 10118
Tel:  212-971-1341
Fax:  212-202-7880
Email: jmonteverde@monteverdelaw.com

*Counsel for Plaintiff*

Respectfully submitted,

*/s/ David E. Bower*
David E. Bower SBN 119546
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880
Email:  dbower@monteverdelaw.com

*Counsel for Plaintiff*

COMPLAINT